# EXHIBIT A

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000
Attorneys for Plaintiff
Finnegan Lane Associates LLC

RECEIVED and FILED
SUPERIOR COURT OF NEW JERSEY

JUL 2 7 2012

PASSAIC COUNTY

| | |
|---|---|
| FINNEGAN LANE ASSOCIATES LLC,<br><br>Plaintiff,<br><br>v.<br><br>ALLIANZ GLOBAL RISKS U.S. INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, LEXINGTON INSURANCE COMPANY, LLOYD'S SYNDICATE 1919, STEADFAST INSURANCE COMPANY<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: PASSAIC COUNTY<br>DOCKET NO.: L- 3/0 8 -12<br><br>Civil Action<br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Finnegan Lane Associates LLC ("FLA"), by way of Complaint against defendants, Allianz Global Risks U.S. Insurance Co. ("Allianz"), Continental Casualty Company ("Continental"), Lexington Insurance Company ("Lexington"), Lloyd's Syndicate 1919 ("Lloyd's"), and Steadfast Insurance Company ("Steadfast"), collectively referred to as the "Insurers," says as follows:

## STATEMENT OF THE CASE

1. This is an action by FLA against its commercial property insurers for declaratory relief, compensatory and punitive damages and attorneys fees as a result of the Insurers' bad faith breach of their property insurance policies by failing to pay for damage to a building owned by plaintiff which was caused as a result of a snowstorm on or about February 11 and 12, 2010.

## THE PARTIES

2.FLA is a New Jersey limited liability company and maintains its principal place of business at 1033 Clifton Avenue, P.O. Box 2189, Clifton, New Jersey 07015. FLA's business includes owning a warehouse located at 2801 Route 130 in North Brunswick, New Jersey (the "Warehouse"), which FLA has leased to C&S Wholesale Groceries, Inc. ("C&S") and the predecessor of C&S since March 11, 1996.

3.Upon information and belief, defendant Allianz is a California corporation that is authorized to write policies of insurance in the State of New Jersey.

4.Upon information and belief, defendant Continental is an Illinois corporation that is authorized to write policies of insurance in the State of New Jersey.

5.Upon information and belief, defendant Lexington is a Massachusetts corporation that is authorized to write policies of insurance in the State of New Jersey.

6.Upon information and belief, defendant Lloyd's is comprised of underwriters whose agents are authorized to write policies of insurance in the State of New Jersey.

7.Upon information and belief, defendant Steadfast is a Delaware corporation that is authorized to write policies of insurance in the State of New Jersey.

## THE POLICIES

8.In consideration of premiums paid, Allianz issued property insurance policy CLP 3010786, Continental issued property insurance policy RMP 2098232765, Lexington issued property insurance policy 038245006, Lloyd's issued property insurance policy SSP 4273933 001, and Steadfast issued property insurance policy CPP 9192777, to C&S, each being effective

August 31, 2009 at 12:01 A.M. to August 31, 2010 at 12:01 A.M. (collectively, the "Policies"), and each containing the same terms of a certain Domestic Property Insurance Policy Master Policy (the "Master Policy").

9. C&S named FLA as an additional insured and/or loss payee on the Policies pursuant to C&S's obligation under its lease with FLA to obtain property insurance covering the Warehouse.

10. The Master Policy provides, in relevant part, that subject to the terms, conditions, and exclusions contained within,

> this "policy" covers all risks of direct physical loss or damage to Insured Property at Insured Location(s), provided such physical loss or damage occurs during the Policy Period.

11. The Warehouse is an Insured Property at an Insured Location covered by the Master Policy, which "insures the interest of the Insured in...[a]ll real and personal property while such property is located anywhere within the territorial limits of this policy," which limits include the entire United States and Canada.

12. The Master Policy provides that it "insures against all risk of physical loss or damage to property...except as hereinafter excluded."

## THE 2010 ROOF DAMAGE

13. On February 11 and 12, 2010, a major storm occurred in Northern New Jersey with snow accumulations in excess of 16 inches (the "Snowstorm") which caused the roof of the Warehouse to deflect under the weight of the accumulated snow and ice on the roof. The deflection of the roof caused the roof membrane to rupture and lift upwards from the deck to

3

which it was previously attached. As a result of the deflection and rupture caused by the weight of the snow, water subsequently penetrated the roof into the Warehouse.

14. As a result of the damage caused by the Snowstorm, the Warehouse subsequently sustained substantial leakage of water when heavy rain and snow melt penetrated the ruptured membrane of the roof.

15. Inspections of the roof on March 15 and 19, 2010 revealed the significant damage to the roof caused by the Snowstorm.

16. As a direct and proximate consequence of the damage caused by the Snowstorm, FLA conducted emergency repairs to halt the leaking.

17. As a consequence of the damage caused by the Snowstorm, FLA must replace the entire roof.

## FLA'S CLAIM AND INSURERS' REFUSAL TO PAY

18. On or about March 19, 2010, FLA reported the Snowstorm loss to Insurers, seeking payment on the Policies in amount equal to the cost of repairing the damage caused by the Snowstorm, by constructing a new roof.

19. After reporting the Snowstorm loss, FLA cooperated with the Insurers' investigation of the loss and substantiated that it sustained losses covered by the Policies by, among other things: (1) producing a representative for examination under oath conducted by the Insurers' counsel; (2) supplying the Insurers with detailed documentation establishing the necessity of the repairs performed and their cost, as well as recent repairs and warranties thereon; (3) supplying the Insurers with photographs of the damage resulting from the Snowstorm; and

(4) supplying the Insurers with additional extensive documentation requested by the Insurers pertaining to the loss and the Warehouse.

20. FLA provided timely and sufficient notice of the loss to Insurers and has satisfied all conditions precedent to obtaining coverage under the Policies.

21. Notwithstanding the substantial proofs submitted by FLA, the Insurers, by letter dated July 29, 2011, declined coverage for the loss sustained by FLA on the basis, among other things, that a covered loss had not occurred or is excluded by the Policies.

## COUNT ONE
### Declaratory Judgment

22. FLA repeats, realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 21 of this Complaint, as though fully set forth herein.

23. An actual and justiciable controversy has arisen between FLA and Insurers concerning Insurers' obligations under the Policies:

(a) FLA has sustained losses covered by the Policies as detailed above and has complied with all notice and claim documentation provisions set forth in the Policies.

(b) Insurers have failed to pay FLA's claims under the Policies.

24. Pursuant to N.J.S.A. 2A:16-50 et seq., FLA desires a judicial determination of its rights under the Policies and Insurers' duty to indemnify FLA.

25. A judicial declaration is necessary and appropriate at this time in order that FLA and Insurers may ascertain their rights and obligations under the Policies.

WHEREFORE, FLA seeks judgment against Insurers for a declaration in its favor that Insurers have a duty to provide coverage for the losses described above and pay the cost of temporary repairs to the roof and to replace the roof.

## COUNT TWO
### Breach of Contract

26. FLA repeats, realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 25 of this Complaint, as though fully set forth herein.

27. FLA has provided timely and sufficient notice and duly performed all the terms and conditions under the Policies, including any and all conditions precedent, and/or Insurers have waived their right to, or is estopped from enforcing, such terms and conditions.

28. Insurers have breached the Policies by wrongfully refusing to indemnify FLA for the covered losses described above resulting from the Snowstorm.

29. FLA suffered damages as a direct and proximate result of Insurers' breach of their contractual obligations under the Policies.

WHEREFORE, FLA seeks judgment against Insurers as follows:

A. For compensatory and other damages;

B. For all costs incurred by FLA in bringing this action, including attorneys' fees;

C. For prejudgment interest; and

D. For such other and further relief as the Court deems just and appropriate.

## COUNT THREE
### Bad Faith Claims Handling

30. FLA repeats, realleges and incorporates herein by reference each and every allegation contained in Paragraphs 1 through 29 of this Complaint, as though fully set forth herein.

31. Insurers have engaged in bad faith claims handling practices by wrongfully refusing to pay any amount under the Policy on account of plaintiff's loss without a fairly debatable reason.

32. Insurers' bad faith claims handling practices were committed knowingly or with a reckless disregard for its obligation to reimburse plaintiff for its damages arising from a covered loss.

33. As a direct and proximate result of Insurers' bad faith claims handling practices, FLA has suffered damages.

WHEREFORE, FLA seeks judgment against Insurers as follows:

A. For punitive and exemplary damages;

B. For all costs incurred by FLA in bringing this action, including attorneys' fees;

C. For prejudgment interest; and

D. For such other and further relief as this Court deems just and appropriate.

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Attorneys for Plaintiff
Finnegan Lane Associates LLC

By: _____
THOMAS S. NOVAK

DATED: July 26, 2012

7

## DEMAND FOR JURY TRIAL

Pursuant to R. 4:35-1, plaintiff hereby demands a trial by jury for all issues so triable.

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Attorneys for Plaintiff
Finnegan Lane Associates LLC

By: _____
THOMAS S. NOVAK

DATED:   July 26, 2012

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:5-1(c), Thomas S. Novak, Esq., is hereby designated as trial counsel.

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Attorneys for Plaintiff
Finnegan Lane Associates LLC

By: _____
THOMAS S. NOVAK

DATED:   July 26, 2012

CERTIFICATION REGARDING OTHER ACTIONS/PROCEEDINGS

Pursuant to R. 4:5-1(b)(2), I hereby certify that the subject matter of the foregoing Complaint is, in part, the subject matter of one pending litigation, that being C&S Wholesale Grocers, Inc. v. Finnegan Lane Associates, LLC, Superior Court of New Jersey, Law Division, Middlesex Vicinage, Docket Number L-799-11.

Further, I am not aware of any non-party who should be joined pursuant to R. 4:28 or is subject to joinder pursuant to R. 4:29-1(b).

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Attorneys for Plaintiff
Finnegan Lane Associates LLC

By: _____
THOMAS S. NOVAK

DATED:   July 26, 2012

9