UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

FINNEGAN LANE ASSOCIATES LLC,

Civil Action No.:  12-05351 (WJM)(MF)

Plaintiff,

v.

ALLIANZ GLOBAL RISKS U.S.
INSURANCE COMPANY,
CONTINENTAL CASUALTY
COMPANY, LEXINGTON INSURANCE
COMPANY, LLOYD'S SYNDICATE
1919, STEADFAST INSURANCE
COMPANY,

**ANSWER TO COMPLAINT**

Defendants.

Defendants ALLIANZ GLOBAL RISKS U.S. INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, LEXINGTON INSURANCE COMPANY, LLOYD'S SYNDICATE 1919 and STEADFAST INSURANCE COMPANY ("Insurers"), by their attorneys WHITE, FLEISCHNER & FINO, LLP, as and for their Answer to the plaintiff's Complaint, respectfully allege:

## STATEMENT OF THE CASE

1.      Deny each and every allegation set forth in the paragraph numbered 1 except admit plaintiff has commenced an action by filing a Complaint.

## THE PARTIES

2.      Deny knowledge and information regarding each and every allegation set forth in the paragraph numbered 2 except admit plaintiff was the owner of a warehouse located at 2801 Route 130 in North Brunswick, New Jersey (the "Warehouse"), that was leased to C&S Wholesale Groceries, Inc. ("C&S") and its predecessor pursuant to a written lease(s), the terms of which are incorporated herein by reference.

3.      Admit each and every allegation set forth in the paragraph numbered 3.

4.      Deny each and every allegation set forth in the paragraph numbered 4 except admit Continental Casualty Company issues policies of insurance in the State of New Jersey.

5.      Deny each and every allegation set forth in the paragraph numbered 5 except admit Lexington issues policies of insurance in the State of New Jersey.

6.      Deny each and every allegation set forth in the paragraph numbered 6 except admit Syndicate 1919 is an entity doing business at Lloyd's London and underwrites policies of insurance in the State of New Jersey.

7.      Admit each and every allegation set forth in the paragraph numbered 7.

## THE POLICIES

8.      Deny each and every allegation set forth in the paragraph numbered 8 except admit Insurers issued policies of insurance to non-party C&S.  Insurers refer to and incorporate each policy herein by reference.

9.      Deny each and every allegation set forth in the paragraph numbered 9 except admit Insurers issued policies of insurance to non-party C&S.  Insurers refer to and incorporate each policy herein by reference.

2

10.     Deny each and every allegation set forth in the paragraph numbered 10 except admit Insurers issued policies of insurance to non-party C&S.  Insurers refer to and incorporate each policy herein by reference.

11.     Deny each and every allegation set forth in the paragraph numbered 11 except admit Insurers issued policies of insurance to non-party C&S.  Insurers refer to and incorporate each policy herein by reference.

12.     Deny each and every allegation set forth in the paragraph numbered 12 except admit Insurers issued policies of insurance to non-party C&S.  Insurers refer to and incorporate each policy herein by reference.

## THE 2010 ROOF DAMAGE

13.     Deny each and every allegation set forth in the paragraph numbered 13 except admit plaintiff claims the roof of the Warehouse sustained damage in a storm occurring on or about February 11, 2010.

14.     Deny each and every allegation set forth in the paragraph numbered 14 except admit plaintiff claims the roof of the Warehouse sustained damage in a storm occurring on or about February 11, 2010.

15.     Deny each and every allegation set forth in the paragraph numbered 15 except admit plaintiff claims the roof of the Warehouse sustained damage in a storm occurring on or about February 11, 2010.

16.     Deny each and every allegation set forth in the paragraph numbered 16 except admit plaintiff claims the roof of the Warehouse sustained damage in a storm occurring on or about February 11, 2010.

17.     Deny each and every allegation set forth in the paragraph numbered 17.

## FLA'S CLAIM AND INSURERS' REFUSAL TO PAY

18.   Deny each and every allegation set forth in the paragraph numbered 18 except admit the alleged loss was reported to the Insurers.

19.   Deny each and every allegation set forth in the paragraph numbered 19 except admit a representative from FLA appeared and testified at an Examination Under Oath and FLA submitted documents and information concerning the claim.

20.   Deny each and every allegation set forth in the paragraph numbered 20.

21.   Deny each and every allegation set forth in the paragraph numbered 21 except admits that the Insurers denied coverage under the policies for the claimed roof damage by letter dated July 29, 2011 which is incorporated herein by reference.

## COUNT ONE
### Declaratory Judgment

22.   Defendants ALLIANZ GLOBAL RISKS U.S. INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, LEXINGTON INSURANCE COMPANY, LLOYD'S SYNDICATE 1919, and STEADFAST INSURANCE COMPANY repeat and reiterate each and every denial heretofore made in this Answer to the paragraphs of the Complaint designated 1 through 21 inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the Complaint designated 22.

23.   Deny each and every allegation set forth in the paragraph numbered 23 except admit Insurers have denied coverage for plaintiff's claim for reasons stated in the letter of July 29, 2011, which is incorporated herein by reference.

24.   Admit each and every allegation set forth in the paragraph numbered 24.

25.   Admit each and every allegation set forth in the paragraph numbered 25.

## COUNT TWO
### Breach of Contract

26.    Defendants ALLIANZ GLOBAL RISKS U.S. INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, LEXINGTON INSURANCE COMPANY, LLOYD'S SYNDICATE 1919, and STEADFAST INSURANCE COMPANY repeat and reiterate each and every denial heretofore made in this Answer to the paragraphs of the Complaint designated 1 through 25 inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the Complaint designated 26.

27.    Deny each and every allegation set forth in the paragraph numbered 27.

28.    Deny each and every allegation set forth in the paragraph numbered 28.

29.    Deny each and every allegation set forth in the paragraph numbered 29.

## COUNT THREE
### Bad Faith Claims Handling

30.    Defendants ALLIANZ GLOBAL RISKS U.S. INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, LEXINGTON INSURANCE COMPANY, LLOYD'S SYNDICATE 1919, and STEADFAST INSURANCE COMPANY repeat and reiterate each and every denial heretofore made in this Answer to the paragraphs of the Complaint designated 1 through 29 inclusive, with the same force and effect as if set forth here more particularly at length, all in response to the paragraph of the Complaint designated 30.

31.    Deny each and every allegation set forth in the paragraph numbered 31.

32.    Deny each and every allegation set forth in the paragraph numbered 32.

33.    Deny each and every allegation set forth in the paragraph numbered 33.

## FIRST DEFENSE

34.     Plaintiff fails to state a claim upon which relief can be granted and thus Insurers are entitled to dismissal.

## SECOND DEFENSE

35.     Insurers' liability, if any, is derived solely from the policies of insurance, ALLIANZ GLOBAL RISKS U.S. INSURANCE COMPANY Policy No. CLP3010786, CONTINENTAL CASUALTY COMPANY Policy No. RMP2098232765, LEXINGTON INSURANCE COMPANY Policy No. 038245006, LLOYD'S SYNDICATE 1919 Policy No. SSP4273933 001 and STEADFAST INSURANCE COMPANY Policy No. CPP9192777 issued to C&S Wholesale Grocers, Inc. ("Insurers' Policies") for the period August 31, 2009 to August 31, 2010, which policy is limited by its terms, conditions, limitations and exclusions, all of which are pled herein as if copied in full at this place in this Answer.

36.     The Insurers issued the above referenced policies, effective August 31, 2009 through August 31, 2010.  C&S Wholesale Grocers, Inc., located at 7 Corporate Drive, Keene, New Hampshire 03431, is the Named Insured on the policies.

## THIRD DEFENSE

37.     The policies provide in relevant part:

**5.     Loss or Damage Insured**

This policy insures against all risk of physical loss or damage to property including General Average, salvage, and all other charges on shipments insured hereunder except as hereinafter excluded.

38.     The loss and damage for which this claim is submitted is not the result of a fortuitous All Risk loss.

39.     By reason of the foregoing, Insurers have no liability to Plaintiff.

6

## FOURTH DEFENSE

40.     The policy does not insure the following:

> D,     Ordinary wear and tear, or gradual deterioration, unless loss or damage not excluded in this policy ensues, and then this policy shall insure only the ensuing loss or damage.

41.     The loss and damage for which this claim is submitted is the result of ordinary wear and tear and gradual deterioration.

42.     By reason of the foregoing, Insurers have no liability to Plaintiff.

## FIFTH DEFENSE

43.     The policy does not insure the following:

> E.     The cost of making good defective design, faulty material, or faulty workmanship, except, if loss or damage not excluded in this policy ensues, then this policy shall insure such ensuing loss or damage.

44.     The loss and damage for which this claim is submitted includes the cost of making good defective design, faulty material, or faulty workmanship.

45.     By reason of the foregoing, Defendants have no liability to Plaintiff.

## SIXTH DEFENSE

46.     This policy does not insure the following:

> I.     Normal settling, shrinkage, or expansion of buildings, foundations or walls, floors, or ceilings.  But if loss or damage from a covered peril results, to covered property, from such settling, shrinkage, or expansion then this policy shall cover such ensuing loss or damage not otherwise excepted or excluded from coverage.

47.     The loss and damage for which this claim is submitted is the result of normal settling, shrinkage, or expansion of buildings, foundations or walls, floors, or ceilings.

48.     By reason of the foregoing, Insurers have no liability to Plaintiff.

7

### SEVENTH DEFENSE

49.   The policies contain the following condition:

**STANDARD FIRE POLICY PROVISIONS ENDORSEMENT**

\*      \*      \*

This policy is made and accepted subject to the foregoing provisions and stipulations and those hereinafter stated, which are hereby made a part of this policy, together with such other provision, stipulations and agreements as may be added hereto, as provided in this policy.

| 1 | **Concealment,** | This entire policy shall be void if, whether |
| 2 | **fraud.** | before or after a loss, the insured has wil- |
| 3 | | fully concealed or misrepresented any ma- |
| 4 | terial fact or circumstance concerning this insurance of the |
| 5 | subject thereof, or the interest of the insured therein, or in case |
| 6 | of any fraud or false swearing by the insured relating thereto. |

50.   Plaintiff violated the above quoted condition in connection with the submission of its claim by reason of which Insurers have no liability to plaintiff.

### EIGHTH DEFENSE

51.   Plaintiff has failed to join all necessary parties to this action.

WHEREFORE, defendants ALLIANZ GLOBAL RISKS U.S. INSURANCE COMPANY, CONTINENTAL CASUALTY COMPANY, LEXINGTON INSURANCE COMPANY, LLOYD'S SYNDICATE 1919 and STEADFAST INSURANCE COMPANY, demand judgment dismissing the Complaint herein together with the costs and disbursements of this action.

/s/ Benjamin A. Fleischner
BENJAMIN A. FLEISCHNER

/s/ Jared T. Greisman
JARED T. GREISMAN
Attorney for Defendants
White Fleischner & Fino, LLP
Holmdel Corporate Plaza
2137 Route 35
Holmdel, New Jersey 07733

Dated:   October 11, 2012

8